CORRECTED

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 20-2063V

|  |  |
|---|---|
| KEYSHA ELLIS, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: January 29, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*John Robert Howie, Howie Law, PC, Dallas, TX, for Petitioner.*

*Lauren Kells, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 30, 2020, Keysha Ellis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury following an influenza vaccine she received on December 13, 2019. Petition at 1. On January 12, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 39.

Petitioner has now filed her first application for attorney's fees and costs, requesting an award of $3,547.00 (with no costs component). Petitioner's First Attorneys'

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Fees and Costs ("Motion") filed July 27, 2024, ECF No. 44. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. *Id*. at 2.

Respondent reacted to the Fees Motion on July 8, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 45. Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

In addition, it is noted in the Fees Motion that Petitioner's prior counsel, Kirk Claunch, was called to duty in the United States Army Reserve and Attorney Howie took over this case. Motion at 1 -2.  Attorney Claunch forwarded a handwritten time sheet to Attorney Howie's office for his time billed. *Id.* at 2. But that time sheet did not differentiate between attorney and paralegal tasks, did not have an hourly rate for attorney or paralegal, nor did it include any information regarding costs incurred. *Id.* Attorney Howie thus requests the opportunity submit a second Application for Fees and Costs upon Attorney's Claunch's return. This is acceptable – provided that counsel (on or before **February 7, 2025**) move for an extension of time to request these additional fees, since they will not have been requested within six months of judgment.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees in the total amount of $3,547.00 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

Chief Special Master